UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DAVID MOEN,<br><br>    Plaintiff,<br><br>v.<br><br>MARTHA MOEN, et al.,<br><br>    Defendants. | Case No. 23-cv-00444-DMR<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Defendants Martha Moen and Rebecca Verdier move to dismiss self-represented Plaintiff Carlos David Moen's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. [Docket No. 13.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted. Plaintiff's complaint is dismissed with prejudice.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed the complaint on January 31, 2023. Plaintiff alleges that Defendants "are trustees to the estate of Earle and Olga Moen," and that the "restatement trust" provides that "the 2 trustees and 1 beneficiary (Carlos Moen) are to be paid 1/3 equal share of the assets." Compl. 4. He further alleges that Defendants have received "their final distribution but have not made equal payment" to Plaintiff. *Id*. Based on these allegations, Plaintiff alleges a single claim for breach of contract. *See id*. at 1, 4. According to Plaintiff, Defendants owe him $30,719.99, plus attorneys' fees of $11,917.00 and $32,500.01 in punitive damages, as well as a .45 automatic Colt pistol and "1st edition Jack London books." *Id*. He avers that this case fulfills the diversity jurisdiction requirements under 28 U.S.C. § 1332. *See id*. at 1-3.

Defendants Moen and Verdier filed a motion to dismiss the complaint for lack of subject matter jurisdiction. Plaintiff's response was due by July 11, 2023. As he failed to file a response,

1   the court issued an Order to Show Cause, ordering Plaintiff to explain the failure to respond to the
2   motion and file either an opposition to the motion or a statement of non-opposition. [Docket No.
3   17 (Order to Show Cause, "OSC").] Plaintiff filed a timely response to the OSC as well as an
4   opposition to the motion to dismiss. [Docket Nos. 18, 19.] He later filed a second opposition to
5   the motion. [Docket No. 20.]

## II.   LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). The challenging party may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In this case, Defendants make a facial challenge to subject matter jurisdiction. *See generally* Mot. to Dismiss. A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

## III.   DISCUSSION

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). A federal court may exercise either federal question jurisdiction or diversity jurisdiction.

Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, Plaintiff's complaint alleges a single claim for

1  breach of contract, which arises under state law.  Therefore, federal question jurisdiction does not
2  exist here.
3      A district court has diversity jurisdiction where the parties are diverse and "the matter in
4  controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. §
5  1332.  Parties are diverse only when the parties are "citizens of different states."  *Id*.  The Supreme
6  Court has interpreted section 1332(a) to require "complete diversity of citizenship"—that is, each
7  plaintiff must be a citizen of a different state than each defendant.  *Caterpillar Inc. v. Lewis*, 519
8  U.S. 61, 68 (1996).  Here, Plaintiff alleges that he is a California citizen and that Defendants are
9  California citizens.  Compl. 3.  Accordingly, as the parties are not citizens of different states, the
10 requirements of diversity jurisdiction are not satisfied.  The court lacks jurisdiction over this
11 action.
12     Neither of Plaintiff's opposition briefs address subject matter jurisdiction or explain how
13 this case belongs in federal court.  Accordingly, the motion to dismiss is granted and the complaint
14 is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted and the complaint is dismissed with prejudice.  The OSC is discharged.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 15, 2023



Donna M. Ryu
Chief Magistrate Judge